MAVERICK CONGREGATIONAL SOCIETY *vs.* WILLIAM R. LOVEJOY.

If an individual has taken a conveyance of land for the benefit of a religious society, and has executed a note and mortgage for the purchase money, which the society agree to assume and pay, and has conveyed the equity of redemption to the society, which, "for the better security for the performance of their said agreement," appointed him as their agent to let, manage and control the stores, cellars and apartments upon the land, except such ás are used by them for public worship, to collect and receive the rents, and to pay over to the mortgagee the net amount thereof, after payment of all expenses, or temporarily to invest the same for the purpoŝe of afterwards applying it to the discharge of the mortgage debt, this constitutes a trust; and the society, after paying the debt by money obtained upon a subsequent mortgage of the land, and procuring a discharge of the first mortgage, and tendering the note and mortgage to him cancelled, may maintain a bill in equity against him to compel him to pay over to them the funds remaining in his hands, and to enjoin him from further intermeddling with the property.

BILL IN EQUITY to compel the defendant to pay to the plaintiffs the amount of funds remaining in his hands received by him for the rents of certain stores, cellars and apartments, and to enjoin him from any further intermeddling with said property. The case was reserved by the chief justice for the determination of the whole court, as it was found to depend entirely upon the construction of the following indenture :

" This indenture of two parts, made this ninth day of February, A. D. 1850, by and between the Maverick Congregational Society, a corporation duly established at East Boston, in the county of Suffolk, of the first part, and William R. Lovejoy and Henry T. Butler, both of said East Boston, of the second part, witnesseth :

" That whereas heretofore said Lovejoy, Butler and John Pierce, (now deceased,) at the request and for the benefit of the party of the first part, took a conveyance of certain land at East Boston, as described in the deed thereof from Sumner and Oliver ; and did also make, execute and deliver their promissory note or notes for the sum of fourteen thousand dollars and interest, and a mortgage to secure said note or notes upon said land ;

" And whereas said Butler subsequently, at the request of said party of the first part, conveyed his interest in said land to

said Lovejoy and Pierce, and said Lovejoy and the widow and heirs at law of said Pierce have this day conveyed their interest therein to said party of the first part subject to said mortgage; which said mortgage, and the note or notes secured thereby, said party of the first part, in consideration of such conveyances and of other good and valuable considerations, has agreed and does hereby covenant and agree with said party of the second part, their heirs and assigns, to pay and discharge at the maturity thereof, and to indemnify and save harmless said Butler, Lovejoy and Pierce, their heirs, executors, administrators and assigns, therefrom:

"Now, therefore, said party of the first part, for the better security of the performance of their said agreements, do hereby constitute and appoint said Lovejoy and Butler, and the survivor of them, their agents, with power irrevocable, to let, manage and control the stores, cellars and other apartments situate upon such land, except such as are used and occupied by said society for purposes of public worship; and to collect and receive all the incomes and rents thereof; and after paying therefrom all expenses incident to and reasonably incurred in the managing of said property, including all reasonable repairs, taxes and insurance, if any, to pay over to the holder of said mortgage note or notes the interest thereon, as the same shall become due and payable; and if any surplus shall remain in their hands out of said rents and income, after making such payments, then, so often as such surplus shall amount to five hundred dollars, to pay over the same in part payment or discharge of said mortgage debt; and, in case the holder of said mortgage note or notes shall refuse to receive such part payments, then to invest such surplus from time to time, whenever the same shall amount to five hundred dollars, in such safe securities as they shall think fit, in trust, to be applied, with the income, dividends and interest thereon, to the payment and discharge of said mortgage debt, and for no other purpose whatsoever, until a sufficient amount shall have accrued to discharge said mortgage debt; with power to sell and discharge said securities, and to reinvest the proceeds thereof, upon the same trust and for the same

purpose, or to sell the same, or any part thereof, at any time, and to apply the proceeds thereof to the payment, in part or in whole, of said mortgage debt; and the balance, if any such shall remain after full payment of said mortgage debt, to pay over to said party of the first part.

" And said party of the second part hereby promise and agree to take the care and management of said property as hereinbefore agreed, and for the purpose hereinbefore provided; and to bestow on said undertaking all reasonable care and diligence; and to conduct the same to the best of their skill and discretion ; and to render to said society an annual account of their doings in the premises; it being understood that they shall be liable to account only for such sums as shall be by them actually received, and for their wilful default or omission.

" This agreement shall continue in full force until all liabilities which said party of the second part shall have incurred on behalf of said party of the first part, whether by said notes or otherwise, shall have been fully discharged; and all leases and contracts which shall be made under this contract by said party of the second part, which shall not have expired or been performed at the time of the discharge of said mortgage debt, shall be assumed and ratified, and are hereby assumed and ratified, by said party of the first part.

" In witness whereof said party of the second part have hereto set their hands and seals, and said party of the first part have signed the same by their treasurer, and caused their seal to be hereto affixed, the day and year first above written."

It was agreed that Butler died shortly after the execution of the above indenture.

*E. Wright*, (*A. A. Ranney* with him,) for the plaintiffs.

*H. C. Hutchins*, for the defendant.

CHAPMAN, J.   The indenture referred to in the bill and answer recites that the defendant and the other persons named, at the request and for the benefit of the plaintiffs, had taken a conveyance of the land in question, and made their notes and a mortgage of the land to secure the sum of fourteen thousand dollars. Then follows a stipulation that the plaintiffs shall pay the notes

at maturity, take them up, and indemnify the makers. To se-cure the performance of this agreement, they appoint the defend-ant and Butler their agents to take possession of the property and manage and rent it, except so far as it may be used by the plaintiffs, with certain powers of investment and sale, and with the proceeds to pay the debt, and account with the plaintiffs for any balance that may remain in their hands. It is to continue in force till the liabilities of the mortgagors shall.be discharged.

1. It is objected that this instrument amounts to nothing more than a power of attorney, and does not create a trust, and therefore that the plaintiffs have no remedy in equity, but must resort to their action at law.

2. It is objected that if the instrument creates a trust, it still remains in force, though it is admitted that the plaintiffs have paid the debt and taken up the notes, and offered to give them up to the defendant, and have procured a discharge of the mort-gage. It is alleged that though this debt is paid, it has been paid by borrowing money of the East Boston Savings Bank, upon a new mortgage of the property, and that the defendant has a right under the indenture to act as trustee of the plaintiffs until that debt also is paid. He contends that this right is cre-ated by the stipulation that he may reinvest the surplus funds received by him till a sufficient amount shall have accrued to discharge the mortgage debt and interest.

As to the first point, it is true that the indenture creates an agency. But it is a power to hold, manage and rent property, and invest and reinvest funds, and render an account to the plaintiffs. These things are in their nature a trust; and a trus-tee is always an agent acting for others, and not for himself. If the defendant violates the trust by refusing to account or to deliver up leases or securities, or by continuing to exercise his authority after it has ceased by the terms of the indenture, a suit in equity is the only plain, adequate and complete remedy which the plaintiffs can have.

As to the second point, the declared object of the indenture was to furnish security to the defendant and the other makers of the note, and the agreement is to continue in force only till

that note is paid and discharged. There is no stipulation in respect to other debts. And the only fact that could make the defendant's power irrevocable at any time was that it was coupled with an interest to have his note discharged. That object having been accomplished, he has no further interest in the matter.

The injunction prayed for should be made perpetual, and an account should be taken.